IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| GERALD BRANDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:13CV81HEA |
| | ) | |
| DISH NETWORK CORORATION and | ) | |
| KEVIN MCINTYRE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants= Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(5). Plaintiff has failed to respond to the Motion.

**Facts and Background**

On August 6, 2013, Plaintiff filed this action against Defendants in the Circuit Court of Lewis County, Missouri for various claims predicated on a retailer agreement Plaintiff entered into with EchoStar Satellite Corporation, now known as DISH Network L.L.C., (DISH). DISH Network L.L.C. is an indirect and wholly owned subsidiary of Defendant Dish Network Corporation, (DNC). Defendant McIntyre is employed by DISH as an "Operations Analyst." Defendants removed this matter from the Circuit Court of Lewis County, Missouri based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Defendants are both

1

citizens of the State of Colorado. Defendants now move for dismissal for lack of personal jurisdiction over them.

## Legal Standard

In ruling on a motion to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2), the Court may consider affidavits and exhibits presented with the motion and in opposition to it. See *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474–75 (8th Cir.2012). Where appropriate or necessary, the Court has amplified the facts alleged in the Petition with facts from such additional sources. For present purposes, the focus is on facts relevant to the Court's personal jurisdiction over Defendants, rather than all facts giving rise to the parties' dispute.

When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists. *K–V Pharmaceutical Co. v. J. Uriach & CIA, S.A*, 648 F.3d 588, 591–92 (8th Cir.2011). To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction over the challenging defendant. *Id.* at 591. A plaintiff's *prima facie* showing "must be tested, not by pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Id*. at 592 (internal quotation marks and citation omitted). Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's

favor, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction. *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 592 (8th. Cir.2011); *Epps v. Stewart*, 327 F.3d 642, 647 (8th. Cir.2003).

Personal jurisdiction can be specific or general. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while [g]eneral jurisdiction ... refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1091 (8th Cir.2008) (alterations in original) (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir.1994)). Here, Plaintiff's Petition fails to assert any basis for the Court's jurisdiction over Defendants other than to state that Defendant DNC is registered as a Foreign Corporation in the State of Missouri

**Discussion**

For a federal court to exercise specific personal jurisdiction over a nonresident defendant, jurisdiction must be authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment. See *Dever v. Hentzen Coatings, Inc.*, 300 F.3d 1070, 1073 (8th Cir.2004).1 In Missouri,

---

1 Previously, the Eighth Circuit has collapsed these two inquiries into the single inquiry of whether asserting jurisdiction violates the Due Process Clause. See, e.g., *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir.2004) (conducting only due

specific personal jurisdiction is authorized only to the extent that "the [cause of] action arose out of an activity covered by [Missouri's] long-arm statute." *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. banc 2000). Missouri's long-arm statute authorizes personal jurisdiction over defendants who, *inter alia*, transact business, make a contract, or commit a tort within the state. Mo.Rev.Stat. § 506.500.1. "These individual categories are construed broadly, such that if a defendant commits one of the acts specified in the long-arm statute, the statute will be interpreted to provide for jurisdiction, within the specific categories enumerated in the statute, to the full extent permitted by the Due Process Clause.'" *Viasystems,* 646 F.3d at 593 (quoting *State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo.1984). Missouri's long-arm statute has been interpreted as covering "extraterritorial acts that yield consequences in Missouri." *Furminator, Inc. v. Wahba*, No. 4:10CV01941 AGF, 2011 WL 3847390 at *2 (E.D.Mo. Aug. 29, 2011) (quoting *Bryant*, 310 S.W.3d at 232.

---

process analysis after noting that "the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause"). However, the Eighth Circuit recently directed district courts to conduct a two-step analysis because the more recent decisions of the Missouri Supreme Court analyze the two questions separately. *Myers v. Casino Queen*, 689 F.3d 904 (8th Cir.2012)(citing *Bryant v. Smith Interior Design Grp.*, 310 S.W.3d 227, 231 (Mo.2010) ("First, the court inquires whether the defendant's conduct satisfies Missouri's long-arm statute. If so, the court next evaluates whether ... asserting personal jurisdiction over the defendant comports with due process." (internal citations omitted)).

Even if personal jurisdiction over a defendant is authorized by the forum state's long-arm statute, jurisdiction can be asserted only if permitted by the Due Process Clause. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Due process requires that the defendant purposefully establish "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant must have engaged in "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985). The purposeful availment requirement is met where the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* at 474 (quoting *World–Wide Volkswagen Corp.*, 444 U.S. at 297).

The Eighth Circuit established a five factor test to determine the sufficiency of a nonresident defendant's contacts with the forum state. *Romak*, 384 F.3d at 984. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. *Id*. The first three factors are of "primary importance," while the last

two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. *Id.*

Specific jurisdiction, unlike general jurisdiction, requires that the defendant must purposely direct its activities at residents of the forum state and the litigation "arise[s] out of or relate[s] to" those activities. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). The Eighth Circuit does not restrict the relationship between a defendant's contacts and the cause of action to a proximate cause standard, rather it states that "specific jurisdiction is warranted when the defendant purposely directs its activities at the forum state and the litigation result[s] from injuries ... relating to [the defendant's] activities [in the forum state.]'" *Myers*, 689 F.3d at 912–13 (quoting *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir.2008). "This stance is consistent with other circuits which have focused on the need to adopt a flexible approach when construing the "relate to" aspect of the Supreme Court's standard." *Id.*

Here, Plaintiff fails to set forth any contacts with the State of Missouri which would establish that Defendants took any actions encompassed within the Missouri Long Arm Statute. Defendants have submitted evidence that Defendant DNC is not licensed in the State of Missouri, that it performed no acts within the State and that Defendant McIntyre ever performed any acts within the State of Missouri to subject him to the Long Arm Statute.

6

Moreover, based on the affidavits presented to the Court, the exercise of jurisdiction over Defendants would clearly violate the Due Process Clause because neither DNC nor McIntyre have (1) engaged in an activity evidencing continuous and systematic contacts with the State of Missouri to establish general jurisdiction; or (2) purposefully availed themselves of the benefits and privileges of the forum to warrant specific jurisdiction. *See Viasystems*, 646 F.3d at 593.

## Conclusion

Based upon the foregoing analysis, the Court finds that requiring Defendant to come to the State of Missouri to litigate this dispute does not comport with either the Missouri Long Arm Statute nor the Due Process Clause; Defendants have engaged in no activity within the State of Missouri, nor do they have sufficient minimum contacts with the State of Missouri to be expected to haled into this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. No 5] is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Petition against Defendants is dismissed for lack of personal jurisdiction.

Dated this 14th day of April, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE